IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

STEVEN J. SMITH                                                                                        PETITIONER
ADC # 656564

V.                              CASE NO. 5:19-CV-00205-JM-JTK

DEXTER PAYNE, Director
Arkansas Department of Correction                                                      RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge James M. Moody, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

1

2.   Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.   The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

For the reasons explained below, it is recommended that Petitioner's Petition for Writ of Habeas Corpus (DE # 2) be DISMISSED with prejudice.

## Background

Petitioner Steven Smith, an inmate in the Arkansas Department of Correction ("ADC"), bring this petition for writ of habeas corpus under 28 U.S.C. § 2254. Petitioner is serving sentences for multiple convictions and parole revocations. (DE # 8-2, 8-3, and 8-4) Rather than challenging his convictions or sentences, however, the Petitioner's challenge relates to a disciplinary he received while incarcerated on December 12, 2018. (DE # 2) On December 12, 2018, Corporal Felecia Edwards was scanning the incoming mail when she noticed a box addressed to Petitioner from a law office. The package

appeared to have "suspicious contents" inside, so Corporal Edwards notified Lieutenant Davis.  (DE # 8-5)  The Major Disciplinary Report stated as follows:

> On December 12, 2018, at approx. 11:50am, I Lt. B. Davis received a box labeled legal mail addressed to Inmate Steven Smith #656564.  I Lt. B. Davis called inmate Smith to the Captains [sic] office and asked him if he was expecting legal mail from The Law Office of Jerry Jenkins PA and he responded yes.  I opened the box and asked him if the legal papers were his and he said yes[.] [A]t this time I Lt. B. Davis notice that the box contain [sic] a false bottom.  I Lt. B. Davis lifted the bottom and noticed a vacuumed sealed package that contained 295 grams of tobacco (that tested positive for meth), 50 grams of green leafy substance that (tested positive for K2) and 5 grams of a green leafy substance that (tested positive for marijuana and K2).  At that time Inmate Smith stated I don't know anything about any drugs.  Inmate Smith knows that these actions are against ADC rules and regulation[s] therefore I Lt. B. Davis am charging Inmate Steven Smith with the following rule violations 9-3, 2-5, 12-3, 13-2.  Pending Disciplinary Court Review.

(DE # 8-6)  On December 14, 2018, Petitioner was notified of the charges against him; however, he refused to sign the notification form.  (DE # 8-7)  A disciplinary hearing was held on December 18, 2018, and the Petitioner waived his attendance.  Petitioner did, however, provide a statement which read: "when they call[ed] me down there and ask me was I expecting a package I told them yes because I was do to [sic] some legal things that I have going on with my kids and my baby mother[.] I don't do drugs and I don't mess with drugs."  (DE # 8-8)  Petitioner was found guilty of possession/introduction of drugs and unauthorized use of mail/phone.  *Id.*  The hearing officer imposed sanctions of 60 days' commissary, phone, and visitation restrictions; 30 days in punitive isolation; a reduction in good-time class status to Class IV; and forfeiture of 11 good-time days.  *Id.*  Petitioner appealed the guilty findings first to the warden, then to the disciplinary hearing

administrator, and lastly, to the Department of Correction. *Id.* All of the appeals were unsuccessful, and the findings were upheld at every stage. The disciplinary was finalized on March 18, 2019. *Id.*

On June 19, 2019, the Petitioner filed his federal habeas petition alleging three claims regarding to his disciplinary action : (1) the notice of the disciplinary action he received was not on the proper form; (2) that he is actually innocent of offense because he was "targeted" by another inmate; and (3) the proceedings violated his due process rights by not allowing cross-examination and assistance of counsel. (DE # 2) Petitioner's requested relief includes: (1) "reverse the disciplinary" and expunge it from his file and all electronic records; (2) declare the disciplinary proceedings unconstitutional; and (3) convert the petition to a 42 U.S.C. § 1983 action, if the Court deems it necessary. *Id.* Respondent filed his response on August 27, 2019, denying that Petitioner is entitled to a hearing in this Court or to habeas corpus relief because his claims are not cognizable in federal habeas, and alternatively, lack merit. (DE # 8) Petitioner filed a Reply on September 12, 2019, arguing further that the disciplinary proceedings were unconstitutional, that he did not waive his attendance at the disciplinary hearing, that "he did not receive proper notice and in reality he was served no disciplinary at all, " and that he should be granted habeas relief because he was not allowed to procure witnesses or witness statements prior to the hearing. (DE # 9) For the reasons set forth below, it is recommended that Petitioner's claims be dismissed, and his habeas petition be denied with prejudice.

Discussion

A federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241; *Rose v. Hodges*, 423 U.S. 19, 21 (1975) (*per curiam*). If the Petitioner's claims do not allege he is in custody in violation of the Constitution or federal law, this Court cannot decide the claims, and they must be dismissed. Furthermore, it is undisputed that Petitioner's claims do not challenge his convictions or duration of his confinement, but rather conditions of his confinement. Challenges to the conditions of confinement must be raised pursuant to 42 U.S.C. § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973) (holding that a 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody). Petitioner's claims are not cognizable in federal habeas.

Even if Petitioner had presented this Court with cognizable claims, his petition would still lack merit because the Respondent satisfied due process requirements in his disciplinary proceedings. The United States Supreme Court held in *Wolff v. McDonnell*, that the minimal requirements of procedural due process require: (1) advance written notice of the claimed violation; (2) opportunity to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinders as to the evidence relied on and the reasons for the disciplinary action. 418 U.S. 539, 563-567. Furthermore, the United States Supreme Court has held the requirements of due process are satisfied if "some evidence" supports the findings of the prison disciplinary board. *Superintendent v.*

*Hill*, 472 U.S. 445, 455-456 (1985). This standard is considered met if "there was some evidence from which the conclusion of the administrative tribunal could be deduced." *Id.* at 455. "Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of the witnesses, or weighing of the evidence." *Id.* The Due Process Clause "does not require courts to set aside decisions of prison administrators that have some basis in fact." *Id.* at 456.

Here, the Petitioner was provided all the procedural protections, and there was some evidence in the record supporting the disciplinary hearing officer's decision. Petitioner was given advance written notice of the violation on December 14, 2018; however, the record shows the Petitioner refused to sign the form both times he was notified of violation. (DE # 8-6 and 8-7) Petitioner's claim that he was given notice on the wrong form is meritless, as he does not dispute that he was given notice of the violations, and that is all that is required under *Wolff*. Furthermore, there was some evidence in the record supporting the disciplinary hearing officer's decision. (DE # 8-6) *See Hartsfield v. Nichols*, 511 F.3d 826, 831 (8th Cir. 2008) (holding that a report from a correctional officer, even if disputed by the inmate and supported by no other evidence, legally suffices as "some evidence" to support a prison disciplinary violation). Therefore, Petitioner's allegation that he is actually innocent of the violations has no merit. Lastly, his third claim, that he was denied due process because he was not allowed to cross-examine witnesses or have assistance of counsel at the proceedings, is meritless due to the fact that Petitioner chose not to attend the hearing. While he asserts in his Reply that he did not

"waive" his attendance, Petitioner does not submit any evidence to support this claim. The Respondent, however, attached Exhibit 8 to his Response, the Disciplinary Violation, which clearly shows that the Petitioner chose to provide a written statement rather than attend the hearing. Petitioner, therefore, was afforded an opportunity to call witnesses and present evidence in his defense. He chose not to, and the hearing officer accepted the staff's eyewitness account as true. It is clear that Petitioner was afforded the minimal requirements of procedural due process, and consequently, the Court recommends that Petitioner's federal habeas petition be dismissed.

## Certificate of Appealability

When entering a final order adverse to the Petitioner, the Court must issue or deny a certificate of appealability. Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court. The Court can issue a certificate of appealability only if Petitioner has made a substantial showing that he was denied a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). In this case, Petitioner has not provided a basis for issuing a certificate of appealability.

## Conclusion

Based on the foregoing, it is recommended that the instant habeas petition (DE #2) be denied and dismissed with prejudice and that a certificate of appealability be denied.

SO ORDERED this 18th day of September, 2019.

_____
UNITED STATES MAGISTRATE JUDGE